UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                          :

THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION
FUND, WELFARE FUND, ANNUITY FUND,
AND APPRENTICESHIP, JOURNEYMAN    :    19-CV-5280 (VSB)
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND ET AL.,                     :    **OPINION & ORDER**

                            Petitioners,

              -v-

VISTA ENGINEERING CORP.,

                         Respondent.
------------------------------------------------------------X

Appearance:

Nicole Marimon
Virginia & Ambinder, LLP
New York, New York
*Counsel for Petitioners*

VERNON S. BRODERICK, United States District Judge:

      Before me is the petition of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational, and Industry Fund; the Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and Vicinity Carpenters Labor-Management Corporation; and the New York City District Council of Carpenters (collectively, "Petitioners") to confirm and enforce an arbitration award against Vista Engineering Corp. (the "Company" or "Respondent") pursuant to section 301(c) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Because I find that there is no genuine issue as to any material fact and no indication in the

record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED and the arbitration award is confirmed. Petitioners' request for attorneys' fees, costs, and post-judgment interest is also GRANTED.

### I.     **Background**[1]

Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act ("ERISA"). (Pet. ¶ 4.) Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). (*Id.* ¶ 5.) Petitioner New York City and Vicinity Carpenters Labor-Management Corporation (together with the ERISA Funds and the Charity Fund, the "Funds") is a New York not-for-profit corporation. (*Id.* ¶ 6.) Petitioner New York City District Council of Carpenters (the "Union") is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the Labor Management Relations Act, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Respondent. (*Id.* ¶ 7.) All Petitioners are based in New York City. (*Id.* ¶¶ 4–7.)

Respondent, a New Jersey corporation, is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. (*Id.* ¶ 8.) In or about November 1995,

---

[1] The following facts are drawn from the Petition to Confirm an Arbitration Award (the "Petition" or "Pet."), (Doc. 1), and the supporting evidence submitted by Petitioners as exhibits, including the opinion and award of Arbitrator Roger Maher (the "Award"), (*see id.* Ex. E).

Respondent executed an agreement (the "International Agreement") with the United Brotherhood of Carpenters and Joiners of America (the "UBCJA"), which provides that "[p]ayment of pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality. . . ." (*Id.* ¶¶ 9–10 & Ex. A.)  The International Agreement further provided that it would remain in effect for three years from its date of execution, and would automatically renew for three-year periods unless proper and timely notice to terminate is provided.  (*Id.* ¶ 12.)  Neither Respondent nor UBCJA provided notice to terminate the International Agreement.  (*Id.* ¶ 13.)  Accordingly, Respondent was bound to the local collective bargaining agreement (the "CBA") applicable to work performed by Respondent during the period at issue in this action, August 11, 2011 through September 22, 2013.  (*Id.* ¶ 19 & Ex. B.)

Respondent was required to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union, and furnish its books and records to the Funds upon request for the purposes of auditing such contributions.  (*Id.* ¶¶ 14–15.)  The CBA further provides that in the event that a "dispute or disagreement arise[s] between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator. . . ." (*Id.* ¶ 16.)

The present dispute arose when an audit of Respondent covering the period August 11, 2011 through September 22, 2013 revealed that Respondent had failed to remit all required contributions to the Funds.  (*Id.* ¶ 19.)  Respondent then failed again to remit those contributions, despite demand.  (*Id.* ¶ 20.)  Pursuant to the CBA's arbitration clause, Petitioners initiated arbitration before designated arbitrator Roger Maher.  (*Id.* ¶ 21.)  The arbitrator

provided notice of a hearing on February 8, 2019, (*id.* Ex. D), and the hearing was held on March 21, 2019, (*id.* Exs. E, D).  According to the arbitrator, Respondent failed to appear, request an adjournment or request an extension of time to appear.  (*Id.* Ex. E, at 2.)

The arbitrator examined the evidence and issued an award (the "Award") finding that Respondent violated the CBA when it failed to remit all required contributions to the Funds, and ordered Respondent to pay the Funds the sum of $129,111.96, consisting of principal contributions of $82,620.00, interest of $26,196.71, liquidated damages of $16,524.00, promotional funds of $170.00, court costs of $400, attorneys' fees of $1,500, arbitrator's fee of $500, and audit costs of $1,201.25.  (Pet. ¶ 23 & Ex. E.)  Consistent with the CBA and related agreements, the arbitrator also found that interest at a rate of 7.5% would accrue on the Award from the date of its issuance.  (*Id.* Ex. E, at 3.)  Petitioners state that Respondent has failed to pay any portion of the Award.  (*Id*. ¶ 25.)

Petitioners commenced this action to confirm the Award on June 5, 2019, by filing the Petition along with a memorandum of law and exhibits in support.  (Docs. 1, 5.)  I then entered a scheduling order directing Petitioners to file and serve any additional materials in support of the Petition by July 8, 2019, Respondent to serve any opposition by August 5, 2019, and Petitioners to file any reply by August 19, 2019.  (Doc. 7.)  Petitioners effected service of the Petition on Respondent on June 10, 2019.  (*See* Doc. 9.)  To date, Respondent has not answered the Petition, requested additional time, or otherwise appeared in this case.

## II.     Legal Standards

### A.     *Labor Management Relations Act*

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y.*

*v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  A court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

"Confirmation of a labor arbitration award under LMRA [section] 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-cv-6004-GHW, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016) (citation omitted). "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks and citation omitted).  Thus, "barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy— a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. A to E Inc.*, No. 16-cv-4455 (CM), 2018 WL 1737133, at *4 (S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

    **B.**    *Summary Judgment*

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).  Instead, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary

judgment." *Id.* at 110.  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted."  *Id.*  To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ."  Fed. R. Civ. P. 56(c)(1).  In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(2), (3).

However, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'"  *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).  In other words, "the showing required to avoid confirmation is very high."  *Id.*

### III.     Discussion

#### A.  *Confirmation of the Award*

Having examined the record before me submitted by Petitioners, I find that no genuine issues of material fact exist in this case.  There is also no indication in the record before me that the Award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the CBA or outside the scope of his broad authority to resolve this dispute between the parties.  Rather, the record demonstrates that the arbitrator based his award on undisputed evidence presented by Petitioners in part from an audit that revealed that Respondent had failed to remit required contributions for over two years, and that Respondent remained delinquent even after Petitioners made a demand.  The record also establishes that the arbitrator based his award of interest and various costs on the provisions of the CBA and related agreements.  (*See* Pet. Ex. B Art. XVI; Ex. C, § V; Ex. E.)  Accordingly, Petitioners' motion is granted and the Award is confirmed.  *See, e.g.*, *Trs. For the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 7:13-cv-1925 (NSR), 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2016) (confirming arbitration award brought under LMRA section 301 where respondent did not oppose petition and record supported arbitrator's findings).

#### B.  *Attorneys' Fees, Costs, and Disbursements*

Petitioners seek attorneys' fees and costs incurred in bringing this action.  "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award."  *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  However, in actions to confirm arbitration awards, the "guiding principle" is that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded."  *Id.* (internal quotation marks

omitted).  In the instant case, Respondent has neither complied with the Award nor offered any justification for its failure to do so.  Accordingly, an award of attorneys' fees is appropriate.  *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15-CV-9040 (RA), 2016 WL 6952345, at *5 (S.D.N.Y. Nov. 28, 2016).

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13 Civ. 2608(JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).  The starting point in analyzing whether claimed attorneys' fees are reasonable is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  In order to support their request for attorneys' fees, petitioners must submit "contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (internal quotation marks omitted).

Petitioners were represented by Virginia & Ambinder, LLP ("V&A") and have submitted copies of V&A's contemporaneous billing records.  (Pet. Ex. F.)  Petitioners seek $1,100 for 4.0 hours billed by two attorneys.  Nicole Marimon, a 2014 graduate of Fordham University School of law and a partner at V&A, is billed out by the firm at a rate of $275 per hour and spent 1.9 hours on the case.  (Pet. ¶ 30 & Ex. F.)  Adrianna Grancio, a 2016 graduate of St. John's University School of Law and an associate at V&A, is also billed out by the firm at a rate of $275 per hour and spent 2.1 hours on the case. (Pet. ¶ 31 & Ex. F.)

I have reviewed the contemporaneous time records, compared them against the prevailing rates in the community, and I find the rates requested for the work of Ms. Marimon and Ms.

Grancio to be reasonable. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ., & Indus. Fund v. W.W. Timbers, Inc.*, 19 Civ. 6132 (ER), 2020 WL 1922374, at *5 (S.D.N.Y. Apr. 21, 2020) (awarding both Ms. Marimon and Ms. Grancio their requested rate of $275); *see also Bennett v. Asset Recovery Sols., LLC*, 14-CV-4433 (DRH) (SIL), 2017 WL 432892, at *7 (E.D.N.Y. Jan. 5, 2017) (finding that courts "regularly approve hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals"); *Coastal Envtl. Grp.*, at *4 (noting, in 2016, that rates of $300 per hour for "of counsel," $25 per hour for associates and law clerks, and $100 per hour for paralegals were reasonable).

Petitioners also seek to recover $400.00 in costs arising from the filing fee in this case. (Pet. ¶ 35.) "Recovery of such costs is routinely permitted." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 1:16-cv-1115-GHW, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). Accordingly, Petitioners' request for costs in the amount of $400.00 is granted.

### C. *Post-Judgment Interest*

Petitioners also seek post-judgment interest. (*See* Pet. at 7.) "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered," including orders that confirm arbitration awards. *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship v. Windham Constr. Corp.*, No. 1:17-cv-4630 (VSB) (SDA), 2017 WL 9472944, at *4 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 2338790 (S.D.N.Y. May 22, 2018). Accordingly,

Petitioners are entitled to post-judgment interest from the date of entry of the Court's judgment, at the rate provided for by 28 U.S.C. § 1961.

### IV. Conclusion

For the foregoing reasons, Petitioners' motion is GRANTED. The Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $129,111.96, plus interest from the date of the Award through the date of judgment at a rate of 7.5 percent. Petitioners are further awarded attorneys' fees in the amount of $1,100.00, costs in the amount of $400.00, and post-judgment interest in accordance with 28 U.S.C. § 1961(a).

The Clerk of the Court is further directed to close the case.

SO ORDERED.

Dated: September 7, 2021
      New York, New York

                                            _____
                                            Vernon S. Broderick
                                            United States District Judge